**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COVIA HOLDINGS CORPORATION, | ) Case No. 20-33295 (DRJ) |
| *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| COVIA HOLDINGS CORPORATION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary No. _____ |
| | ) |
| SAND REVOLUTION II, LLC and | ) |
| FEVID TRANSPORT LLC, | ) |
| Defendants. | ) |
| | ) |

**DEBTORS' COMPLAINT FOR TURNOVER OF PROPERTY UNDER SECTION**
**542 AND FOR VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362**

TO CHIEF UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

COMES NOW Covia Holdings Corporation ("Covia"), and pursuant to sections 362 and 542 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), hereby files its Complaint (the "Complaint") against Sand Revolution II, LLC and Fevid Transport LLC (collectively, "Sand Revolution" and/or "Defendants").

---

[1]  Due to the large number of Debtors in the above-captioned chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Covia.  The location of Debtor Covia Holdings Corporation's principal place of business and the Debtors' service address is:  3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

## NATURE OF THE ACTION

1.     In this action, Covia seeks the turnover of hundreds of thousands of dollars of funds that Covia advanced to the Defendants as part of a commercial relationship that Defendants unilaterally terminated in early May 2020.  Covia also seeks a finding that Defendants have willfully violated the automatic stay by refusing to return Covia's funds in their possession.

2.     Between November 2018 and March 2019, Covia advanced $15 million to Defendants, to be applied against certain charges for Covia's use of Defendants' frac sand delivery systems.  The remaining balance of the advanced funds today is $12,766,700.

3.     The parties' agreement obligates Defendants to return any remaining balance of Covia's advanced funds no later than November 2021.  Upon any early termination of the parties' agreement, however, Defendants are required to return to Covia at least $100,000 per month of the advanced funds, beginning at the time of the termination, until November 2021, at which time Defendants must repay the then-outstanding balance in full.

4.     Despite having terminated the contract in early May 2020, Defendants have refused to return to Covia any of the advanced funds.  As of the filing of this Complaint, Defendants owe Covia $300,000 for May, June, and July, with another $100,000 due in August, and another $100,000 each month thereafter, until November 2021.  Defendants have admitted that the contract requires them to return $100,000 monthly.  These funds belong to the Debtors' estates.

5.     Covia and Defendants are involved in separate litigation, currently pending in state court and subject to the automatic stay.  At issue in that lawsuit is whether Defendants wrongfully terminated the parties' contract.  This turnover action does not depend on the outcome of that lawsuit.  Whether or not Defendants breached the contract by improperly terminating it in May

2020, Defendants were required to return at least $100,000 per month of Covia's money, beginning when Defendants terminated the contract.

6.    Rather than return the advanced funds to Covia, Defendants have decided to "offset" or "recoup" the $100,000 payments against prepetition contract claims that are also at issue in the stayed state court action.  Defendants do not have any right under the contract, Texas common law, Texas statutes, or the Bankruptcy Code to an offset or recoupment against funds that Covia advanced.

7.    Defendants' refusal to return Covia's $300,000 of advanced funds violates the automatic stay, which prohibits anyone from "exercis[ing] control" over the Debtors' property. The automatic stay also expressly prohibits "the setoff of any debt owing to the debtor that arose [prepetition] against any claim against the debtor."  Covia has notified Defendants that their refusal to turn over the $300,000 that belongs to the Debtors violates the automatic stay.  Defendants nevertheless refuse to comply with the automatic stay and return the funds.

## JURISDICTION AND VENUE

8.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.    The basis for the relief requested herein is in sections 362 and 542 of title 11 of the Bankruptcy Code.

11.    Plaintiff consents to entry of final orders or judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

3

## PARTIES

12.     Plaintiff is a Delaware corporation with its principal place of business in Ohio. Covia may be served through its counsel of record.

13.     Sand Revolution II, LLC is a Texas limited liability company doing business in Texas that may be served through (i) its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, TX 78701; and (ii) its counsel of record, Patrick H. Autry, at Branscomb PLLC, 8023 Vantage Drive, Suite 506, San Antonio, TX 78230.

14.     Fevid Transport LLC is a Nevada limited liability company doing business in Texas that may be served through (i) its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, TX 78701; and (ii) its counsel of record, Patrick H. Autry, at Branscomb PLLC, 8023 Vantage Drive, Suite 506, San Antonio, TX 78230.

## FACTUAL ALLEGATIONS

15.     On June 29, 2020, Covia and 27 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

16.     Defendants provide "last-mile" frac sand solutions to energy E&P companies in the Permian Basin for fracking oil and gas wells.  Defendants provide these last-mile services through the use of proprietary "Systems," which include equipment like trucks, conveyors, and silos to facilitate delivery of frac sand to well sites.

4

**The Contract**

17.     On November 21, 2018, Covia and the Defendants executed two agreements for Covia's use of Defendants' systems: (1) a Master Agreement; and (2) a Supplement to the Master Agreement (the "<u>Supplement</u>," and together with the Master Agreement, the "<u>Contract</u>").  The Master Agreement and Supplement are attached hereto as **<u>Exhibit A</u>** and **<u>Exhibit B</u>**, respectively. Texas law governs the Contract.

18.     Under the Contract, Covia pays Defendants for the use of up to five Systems and Defendants' services associated with those Systems.  Covia paid Defendants an advance of $15 million (the "<u>Advance</u>").  For each System, Defendants would apply up to $100,000 per month in funds from the Advance toward Covia's monthly invoices (the "<u>Amortization Discounts</u>"). Defendants are required to return to Covia the remaining balance of the Advance (after the Amortization Discounts) (the "<u>Advance Balance</u>") in immediately available funds no later than November 21, 2021.  This obligation survives the termination of the Contract.

19.     If Defendants terminate the Contract before November 21, 2021, however, the Contract requires Defendants to return immediately the Advance Balance.  But if Defendants terminate the Contract pursuant to Sections 3.2 or 3.4 of the Master Agreement, Defendants may instead return the Advance Balance through installments of $100,000 per month until November 21, 2021, when the full remaining Advance Balance is due.

20.     In other words, upon termination, the Contract requires that Defendants either: (1) repay the full Advance Balance, or (2) repay the Advance Balance through $100,000 per month installments, culminating in immediate repayment of the remaining Advance Balance in November 2021.

**Contract Termination**

21.     On May 4, 2020, Defendants sent Covia a letter stating they were immediately terminating the Contract based on Section 3.2(c) of the Master Agreement due to Covia's alleged insolvency.  On May 12, 2020, Defendants sent Covia a letter stating they were also terminating the Contract based on Section 3.2(a) of the Master Agreement due to Covia's alleged breach of contract.

22.     Separately, Defendants initiated an action in Texas state court on May 4, 2020, seeking a declaratory judgment that Covia was insolvent.  Defendants later amended their complaint to seek a declaration that the Contract was properly terminated and to add a breach of contract claim based on Covia's alleged failure to pay certain fees under the Agreement.  Covia disputes Defendants' claims in that lawsuit and does not seek through this Complaint to adjudicate the pending state-court dispute.

**Defendants' Refusal to Turnover Property of Debtor's Estate**

23.     The undisputed Advance Balance is $12,766,700.  At a minimum, under the terms of the Contract, Defendants were required to return the Advance Balance in $100,000 monthly installments beginning on May 4, 2020.

24.     In a June 12, 2020 letter from Defendants to Covia, Defendants acknowledged that, "[i]n accordance with the contract, Sand Revolution has and will pay $100,000 to Covia each month in satisfaction of its repayment obligations."

25.     Instead of returning to Covia the Advance through the required $100,000 monthly installments, however, Defendants stated that they would "offset this amount" against disputed prepetition fees that are the subject of the Texas state-court lawsuit.  To date, Defendants have not returned even one dollar of Covia's Advance.

6

26.     Defendants have no right under the Contract, Texas common law, or Texas statutes to "offset" the Advance that Defendants must return to Covia.

27.     On June 30, 2020, Covia filed in the state-court lawsuit a suggestion of bankruptcy, which put Defendants on notice of Covia's bankruptcy and the automatic stay.

28.     On July 27, 2020, Covia sent Defendants a letter demanding that Defendants promptly return to Covia $300,000 of the remaining outstanding Advance—the minimum amount that Defendants owe Covia, given Defendants' obligation to repay at least $100,000 per month from May 4, 2020 forward.  Covia also informed Defendants that exercising control over funds that belong to Covia, and offsetting repayment of funds that belong to Covia against Defendants' prepetition contract claims, violate the automatic stay under 11 U.S.C. §§ 362(a)(3), (6), (7).

29.     On July 30, 2020, Defendants responded to Covia's letter and again confirmed that Defendants terminated the contract on May 4, 2020.  Defendants also confirmed that they owe $100,000 monthly repayments of the Advance Balance.  But Defendants invoked the concept of recoupment to excuse their failure to make the $100,000 monthly payments since the imposition of the automatic stay.

30.     The equitable defense of recoupment is an exception to the Bankruptcy Code's rule of treating unsecured creditors equally and is therefore narrowly construed.  That defense is inapplicable here.

## COUNT I

### (Turnover of Estate Property — 11 U.S.C. § 542)

31.     Covia repeats and re-alleges the allegations contained in paragraphs 1-30 herein.

32.     Under the Contract, it is undisputed that Defendants must at least return Covia's Advance in the amount of $100,000 per month beginning May 4, 2020, with the remaining Advance Balance due in full on November 21, 2021.

33.     As of the date of this Complaint, Defendants are improperly in possession, custody, and control of at least $300,000 of the Advance that Defendants are required to repay to Covia.

34.     This $300,000 of the Advance is property of the Debtors' estate within the meaning of 11 U.S.C. § 542.

35.     Each Defendant is not a "custodian" within the meaning of 11 U.S.C. § 543.

36.     Under section 542 of the Bankruptcy Code, an entity in possession of a debtor's property or an entity that owes a debt to the debtor shall deliver such property or pay such debt.

37.     Section 105(a) of the Bankruptcy Code authorizes this Court to take all actions that are "necessary and appropriate to carry out the provisions of this title."

38.     Defendants do not have a right to offset the amounts owed to Covia.

39.     Covia is therefore entitled to an order and judgment under section 542 of the Bankruptcy Code requiring Defendants to turn over $300,000 to Covia as of the date of this Complaint and any other amounts that have accrued through the date of judgment.

## COUNT II

### (Violation of Automatic Stay — 11 U.S.C. § 362)

40.     Covia repeats and re-alleges the allegations contained in paragraphs 1-39 herein.

41.     The Debtors filed these chapter 11 cases on June 29, 2020.  Covia provided notice of these chapter 11 cases and of the automatic stay to Defendants on June 30, 2020.

42.     As of the date of this Complaint, Defendants have wrongfully withheld property of the estates of the Debtors in the amount of at least $300,000.

43.     Defendants have apparently withheld repayment of the Advance because Defendants assert they are entitled to offset this debt against Defendants' disputed, prepetition breach of contract claim.

44.     Section 362(a)(3) of the Bankruptcy Code prohibits a party from "exercis[ing] control over property of the estate."

45.     Section 362(a)(6) of the Bankruptcy Code prohibits a party from "any act to collect, assess, or recover a claim against the debtor that arose" prepetition.

46.     Section 362(a)(7) of the Bankruptcy Code prohibits a party from "the setoff of any debt owing to the debtor that arose [prepetition] against any claim against the debtor."

47.     Defendants, with notice of the Covia's chapter 11 filing, willfully and knowingly violated section 362(a) of the Bankruptcy Code.

48.     Pursuant to section 362(k)(1), Covia is entitled to recover actual damages, including costs and attorneys' fees, and punitive damages against Defendants for violating the automatic stay.

## RESERVATION OF RIGHTS

49.     Covia reserves all rights against Defendants and any and all third parties to assert claims, rights, and causes of action for legal or equitable relief in any way relating to damages or harm done to and incurred by Covia in any way relating to the Contract, and to seek to recover the full amount of the outstanding balance of the Advance.

## **RELIEF REQUESTED**

WHEREFORE, Covia requests that the Court enter judgment granting Covia the following

relief against the Defendants:

(i) Entry of an order under section 542 of the Bankruptcy Code directing Defendants to turn over at least $300,000 to Covia, corresponding to the undisputed monthly repayments due from May, June, and July 2020, and any other amounts that have accrued through the date of judgment;

(ii) A finding under section 362(a) of the Bankruptcy Code that Defendants are in violation of the automatic stay;

(iii) Entry of an order that Defendants pay actual damages, including costs and attorneys' fees, and punitive damages against Defendants; and

(iv) Any other relief at law or in equity as to which Covia may be justly entitled.

Houston, Texas
July 31, 2020

/s/  Matthew D. Cavenaugh
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Vienna F. Anaya (TX Bar No. 24091225)
Genevieve M. Graham (TX Bar No. 24085340)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752 -4200
Facsimile:       (713) 752-4221
Email:             mcavenaugh@jw.com
                      vanaya@jw.com
                      ggraham@jw.com
                      vargeroplos@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Gabor Balassa, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:             gbalassa@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:      (202) 389-5000
Facsimile:       (202) 389-5200
Email:             daniel.donovan@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*